WALLACE, Senior Circuit Judge, concurring in part, dissenting in part.
I agree that summary judgment was inappropriate on the issue of whether Jackson’s liberty interest was implicated by his confinement in the Security Housing Unit (SHU). However, as to the majority’s holding regarding exhaustion of administrative remedies, I respectfully dissent.
I would affirm the district court’s ruling that Jackson did not exhaust administrative remedies. To exhaust remedies properly, prisoners must comply with deadlines and other procedural requirements. Woodford v. Ngo, 548 U.S. 81, 83, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). One purpose for the exhaustion requirement is to afford corrections officials “time and opportunity to address complaints internally before allowing the initiation of a federal case.” Porter v. Nussle, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); see Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir.2002) (requiring prisoner who was granted a transfer, but not actually transferred, to appeal such failure to transfer, stating that doing so would give the director “an opportunity to learn of possible infirmities in the prison grievance system and to correct any such infirmities”).
Jackson’s first grievance, which he fully exhausted, complained about the denial of witnesses at his Rules Violation Report hearing and requested that the Rules Violation Report “be dropped.” Jackson’s second grievance, which he did not exhaust to the highest level, pertained to his SHU confinement. Although the two grievances *661 are related, they are distinct complaints. Similar to filing an action to enforce a judgment, Jackson was required to exhaust his grievance regarding the SHU detention.
California regulations allow a prisoner to attach to the appeal form any supporting documentation necessary to clarify the appeal. Cal.Code Regs, tit 15, § 3084.2(a)(2). Jackson was clearly on notice of this after defendant Padilla returned the second appeal form to Jackson, informing him that he must attach his first appeal. Jackson did not follow that direction and, therefore, he did not properly exhaust.
Because Jackson failed to exhaust administrative remedies, it is unnecessary to reach the merits of his First Amendment claims. Denying a prisoner’s request for relief where he fails to follow the prison’s direction does not constitute a First Amendment violation, and circuit precedent does not support such a claim.
For these reasons, I would affirm the district court’s dismissal of Jackson’s First Amendment claims.